| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------X<br>JOSE BAUTA,<br><br>         Plaintiff,<br><br> -against-<br><br>GREYHOUND LINES, INC., *et al*,<br><br>         Defendants.<br>-------------------------------------------------------X | NOT FOR PUBLICATION<br><br><br><br>**SUMMARY OPINION & ORDER**<br><br>14-CV-3725 (RER) |

**RAMON E. REYES, JR., U.S.M.J.:**

  Defendant FirstGroup America, Inc.'s ("FGA") motion for judgment on the pleadings and for summary judgment pursuant to Rules 12(c) and 56 of the Federal Rules of Civil Procedure, respectively, is granted.[1]

  First, plaintiff has failed to sufficiently allege alter ego liability on the part of FGA.[2] Although "plaintiffs cannot be expected to have a finely honed understanding of the alter-ego relationship at the outset of a case," *AY Bank, Ltd. v. JPMorgan Chase & Co.*, 236 N.Y.L.J. 111, 2006 N.Y. Misc. LEXIS 3785, at *12 (Sup. Ct. N.Y. County 2006), a plaintiff must do more than merely allege that a parent is responsible for the acts of its subsidiary. The third amended verified complaint ("TAC") is devoid of any allegations concerning (1) FGA's complete domination of Greyhound Lines, Inc. ("Greyhound") in such a way as to make it a mere

---

 [1] The Court assumes the reader's familiarity with the facts and the parties' respective arguments. Oral argument is not necessary.

 [2] The standard applied to a Rule 12(c) motion is the same as that applied to a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). To survive such a motion, "a complaint must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

instrumentality or (2) FGA's use of its control over Greyhound to commit fraud or other wrong. *See, e.g.*, *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 871 F. Supp. 2d 103, 124 (E.D.N.Y. 2012) (listing elements of piercing corporate veil under New York law). Rather, the TAC merely alleges in the most conclusory manner that FGA owns Greyhound and is vicariously liable for its actions. (Dkt. No. 89 at ¶ 27.) This is insufficient to pierce the corporate veil. *E.g., Parejas v. General Elec. Capital Services, Inc.*, No. 10-cv-3348 (DLI), 2011 WL 2635778, * 2 (E.D.N.Y. July 5, 2011) ("in attempting to plead dominion, plaintiff alleges little more than the ownership of a parent over its subsidiary. It is well settled that such an allegation is insufficient to pierce the corporate veil.") While the TAC contains additional allegations concerning FGA's purported direct negligence (Dkt. No. 89 at ¶¶ 74-84, 95-104, and 115-123), none of these allegations impact FGA's alleged dominion and control over Greyhound. Accordingly, FGA's motion for judgment on the pleadings with respect to FGA's alter ego claim in count one is granted.[3]

Second, there is no genuine dispute of material fact that FGA did not hire, train or employ Anderson, or that FGA did not own, maintain or repair the bus at issue or any of the buses in Greyhound's fleet, Defendant First Group America, Inc.'s Local Rule 56.1 Statement of Material Facts, ¶¶ 3-15, and therefore any claim against FGA for respondeat superior or direct liability must be dismissed. The key element of respondeat superior is an employment relationship between the alleged tortfeasor, here Anderson and/or Greyhound, and the party that the plaintiff is seeking to hold vicariously liable, FGA. The TAC not only fails to allege that FGA directly

---

[3] Leave to amend is denied. *E.g., Parejas*, 2011 WL 2635778, at * 4 ("Construing the Complaint and plaintiff's opposition papers liberally, the court declines to grant plaintiff leave to replead via an amended complaint.")

employed Anderson or Greyhound, but plaintiff has not come forward with any other evidence of such a relationship.  Plaintiff has also failed to come forth with any evidence that FGA owed any duty to him independent of the duty Anderson or Greyhound may have owed him.  Plaintiff's reliance information on First Group PLC's website concerning Greyhound and its fleet, and deposition testimony from Al Smith concerning purported shared services between FGA and Greyhound is insufficient to create a genuine dispute of fact as to respondeat superior or direct liability.[4]  No reasonable jury could find in plaintiff's favor against FGA based on the facts currently presented.  Accordingly, FGA's motion for summary judgment is granted, and all claims against it are dismissed.

**Dated: July 11, 2016**
     **Brooklyn, New York**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**

---

[4] Statements on First Group PLC's website concerning Greyhound is inadmissible hearsay as against FGA.  Fed. R. Evid. 801, 802.