```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

------------------------------------X
                                    :
JOSE BAUTA,                         :
                                    :   14-CV-03725 (RER)
              Plaintiff,            :
                                    :
        v.                          :   225 Cadman Plaza
                                    :   Brooklyn, New York
GREYHOUND LINES, INC., et al.,      :
                                    :   January 16, 2019
              Defendants.           :
------------------------------------X

    TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
          BEFORE THE HONORABLE RAMON E. REYES, JR.
                UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | RAYMOND D. McELFISH, ESQ.<br>McElfish & Associates, LLC<br>60 East 42nd Street<br>Suite #2100<br>New York, New York 10168 |
| For Greyhound Lines, Inc.; Sabrina Anderson: | BRADLEY JAMES BARMEN, ESQ.<br>Lewis Brisbois Bisgaard &<br>  Smith, LLP<br>1375 East 9th Street<br>Suite #1600<br>Cleveland, Ohio  44114 |
| | STEVEN SAAL, ESQ.<br>Marshall Dennehey Warner<br>  Coleman & Goggin<br>800 Westchester Avenue<br>Suite #C-700<br>Rye Brook, New York 10573 |
| Court Transcriber: | SHARI RIEMER, CET-805<br>TypeWrite Word Processing Service<br>211 N. Milton Road<br>Saratoga Springs, New York 12866 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

2

```
 1   (Proceedings began at 10:01 a.m.)
 2              THE COURT:  Good morning.  This is Magistrate Judge
 3   Reyes.  We're holding a telephone conference in the case of
 4   Bauta v. Greyhound, docket number 14-CV-3725.
 5              Counsel for plaintiff, please state your name for
 6   the record.
 7              MR. McELFISH:  Hello?
 8              THE COURT:  Mr. McElfish, are you on the line?
 9              MR. McELFISH:  I am, Judge.  Good morning.
10              THE COURT:  Counsel for the defendants?
11              MR. BARMEN:  Brad Barmen.  Good morning, Your Honor.
12              MR. SAAL:  Steven Saal.  Good morning, Your Honor.
13              THE COURT:  Good morning.  Anyone else?
14              MR. BARMEN:  Not for the defense.
15              THE COURT:  Okay. All right.  I asked for this
16   conference to talk about scheduling the second trial.  So
17   let's talk about that.  I have my own ideas on how long it
18   should be, but why don't I hear from you on that.  How long
19   are you going to need to try the issue of past and future pain
20   and suffering?
21              MR. McELFISH:  I would intend to call an expert or
22   two and a few treating doctors and a witness or two, so maybe
23   four or five days, trial days at the most, hopefully less.
24              THE COURT:  What about the defendants?  How much
25   time do you need?
```

3

1  MR. BARMEN: About the same, Your Honor. I don't
2 think we're -- we'll have two experts max. So I would think
3 probably a day less than the plaintiff, but tentatively. I
4 think we're looking at probably ten trial days safely total.
5  THE COURT: All right. Longer than I thought you
6 needed, but that's a long time.
7  MR. McELFISH: Judge, what month are you looking in,
8 so I can get there?
9  [Pause in proceedings.]
10  THE COURT: May 1st.
11  MR. McELFISH: May 1st.
12  THE COURT: That's the first -- that's the only time
13 I can give you two weeks. I'm sorry. I'm sorry. May 6th.
14 No, no, no. No, no, no. April -- I'm looking -- I'm not used
15 to looking at my calendar in a monthly view, okay.
16  MR. BARMEN: Your Honor, this is Barmen --
17  THE COURT: April --
18  MR. BARMEN: -- if I may?
19  THE COURT: April 29th. We'd start on April 29th,
20 and it would end on May 10th.
21  MR. McELFISH: Good for the plaintiff.
22  MR. BARMEN: Your Honor, this is Barmen. That does
23 not work for me or Mannion. Before we got on this case, I
24 spent a lot of time with Mannion's trial calendar. I've had
25 two different phone conferences with Mr. Morknek and Mr. Saal

4

1 trying to figure out for the defense.  I have two trials
2 scheduled in April and another set for -- to begin on May 6th,
3 and I have another one on May 13th.  The May 6th one is likely
4 to go away.  The May 13th one will not go away.
5       So I'm in trial the week of April 22nd.  I'm in
6 trial again the week of May 13th with the -- assuming the May
7 6th trial which would only be three or four days if it goes
8 away, which I anticipate it will.
9       In looking at my trial calendar and Tom's --
10       THE COURT:  What about April 1st?
11       MR. McELFISH:  Good for the plaintiff.  And let me
12 just add, Your Honor, that I also have a lot of other things
13 going on including trial, but this takes precedence. It is
14 federal.  A lot of these judges will yield, and so I will take
15 April 1st and explain it out here.  That'll be my issue.
16       THE COURT:  The only -- I currently have a trial
17 scheduled for April 1st, but the parties are appearing before
18 Judge Pollack today, I believe, for a settlement conference.
19 Hopefully, the case will go away.  I will know shortly.  But
20 let's keep that as a tentative date.
21       Mr. Barmen, is that good for you and Mr. Mannion and
22 Mr. Moroknek or Mr. Saal?
23       MR. BARMEN:  It's not ideal.  I have a trial
24 starting on March 4th.  It'll go two weeks, and then I have
25 those other trials starting as I told you in May.  I mean I

1  sandwiched between them.  You know, the first three weeks of
2  June and the first two weeks of July are wide open for both me
3  and Tom.
4          MR. McELFISH:  I prefer not to go that long if we
5  could do it.
6          MR. BARMEN:  Well, I understand that, but I don't
7  want to be in a situation where I'm walking out of one trial
8  into another for three straight trials if that can be avoided.
9          MR. McELFISH:  I do it all the time.
10         MR. BARMEN:  Well, that's swell, Ray.  I prefer not
11 to if it can be avoided.
12         MR. McELFISH:  I prefer April 1st, Judge, if you can
13 agree to that.
14         MR. BARMEN:  Okay.  Let me --
15         THE COURT:  What about --
16         MR. BARMEN:  Tom -- I'm looking at Tom's calendar.
17 He has one set for April 1st and one set for April 8th, and I
18 don't know the status of those, whether they're likely to go
19 or not, but they are on the trial calendar.
20         MR. SAAL:  Your Honor, this is Mr. Saal.  I just
21 wanted to let the Court know that Harold and I are also
22 engaged the second week of April.  So --
23         THE COURT:  What about June 10th?
24         MR. BARMEN:  That is wide open for us.
25         MR. McELFISH:  I have other stuff, but I'll make it

6

1  work.  As I said, I got plenty of stuff to do, but this is
2  priority and it's federal, so I'll make it work.
3           THE COURT:  All right.  So let's do it then, June
4  10th through the 21st.  It will not -- it can't go any longer
5  than that because I have to pick a jury on the 24th for Judge
6  Garaufis in a antitrust case.  It's cases.  There I think are
7  ten consolidated cases.
8           MR. McELFISH:  So you say June 10th through June
9  24th is a dead -- is a hard stop?
10          THE COURT:  June 21st.  That's -- because --
11          MR. McELFISH:  Oh, 21st?
12          THE COURT:  Yes.
13          MR. McELFISH:  Okay.
14          MR. BARMEN:  I would anticipate, Judge, that should
15 be enough time to get it done barring unforeseen
16 circumstances.  Excuse me, I'm a little under the weather.
17          THE COURT:  All right.  We'll do it on June 10th
18 through the 21st.
19          MR. McELFISH:  Do you want any kind of telephonic
20 pretrial status --
21          THE COURT:  Yes.
22          MR. McELFISH:  -- or anything?
23          THE COURT:  Yes.  That's on the list to discuss.  I
24 want rather than a full-blown joint pretrial order, I want
25 each side -- well, I want it in one document, but it's going

7

1  to be a sort of a truncated joint pretrial order.  I just want
2  to know the witnesses and the exhibits and I want you to do
3  the exhibits right this time.  The binders that I get have to
4  be the ones that you have.  They have to be the same.  I don't
5  want to be scrambling and, you know -- so you folks have to
6  meet and confer and get everything together.
7           I would like to see that by May 3.  And we will have
8  a -- we could have a telephonic conference and discuss any
9  issues on May 16th at noon so Mr. McElfish doesn't have to get
10 up at the crack of dawn.
11          MR. McELFISH:  I'm up anyway.
12          THE COURT:  I will --
13          MR. BARMEN:  Judge, what about a deadline for --
14 pardon me.  What about motions in limine, pretrial
15 submissions?
16          THE COURT:  Why do we need them?
17          MR. McELFISH:  Well, I was going to say, if I can
18 respond quick, I mean I don't -- we've done that.  Why would
19 we need any different witnesses or motions in limine?
20          MR. BARMEN:  Well, you never know.
21          THE COURT:  Well --
22          MR. McELFISH:  Well, you should.
23          THE COURT:  All the prior rulings in the motions in
24 limine apply.  And if there's something additional that you
25 see on your adversary's list of witnesses or exhibits, we're

8

1 not going outside of what was admitted to the jury or proposed
2 previously in the joint pretrial order.  If you see anything
3 new, then you raise it by letter and we'll discuss it on the
4 16th.  So I'd like to see those letters.  If I'm getting the
5 joint pretrial order on May 3rd, you'll know about it by then.
6 You should have no problem submitting letters, also on that
7 date challenging anything on your adversary's list.  Responses
8 to those letters are May 10, and we'll talk about it on May
9 16th.
10              MR. McELFISH:  Judge, this is McElfish.  Can I make
11 a suggestion, perhaps, that since there's been fully submitted
12 joint pretrial orders, witness lists, and exhibits list and
13 since your order is that we're confined to that, can we just
14 exchange a brief joint letter, for instance, that addresses
15 what witnesses and exhibits may be used in the new trial
16 instead of a whole new thing?  We kind of did it already, and
17 I don't anticipate doing anything new.
18              MR. BARMEN:  I think that's really what he's asking
19 for in a joint pretrial order, right?  We can work that out.
20              THE COURT:  I -- well, two things.  As far as
21 exhibits are concerned, all we have left are the exhibits that
22 were entered into evidence or received into evidence.  We
23 don't have other things that were on the lists but were not
24 discussed.  So if you are going to use any of that, which you
25 can because you proposed it the last time, we don't have it so

9

1  we're going to need to see it.  So --
2             MR. McELFISH:  So in other words, you gave it back
3  to us and you don't have it in your possession?
4             THE COURT:  Yes.
5             MR. McELFISH:  Right.
6             THE COURT:  So I would rather see a new document,
7  you know, with a list of witnesses and the list of exhibits.
8  If it's merely cut and pasting from what you did before, it
9  shouldn't be a problem.  And then I'd like to see the witness
10 binders at trial.  I actually am going to need to see them on
11 the 16th if there's going to be any additional challenges.  So
12 I didn't anticipate doing this again.  That's why I gave you
13 back the other exhibits.  So that's what we'll do.
14            MR. McELFISH:  Your Honor, I have to go because I
15 have a trial.  But can I just read this back to you real quick
16 so I have the dates and everything right?
17            THE COURT:  Well, you'll see it up on ECF.  We'll
18 have everything up on ECF later today with all the dates and
19 everything that needs to be done.
20            MR. McELFISH:  Okay.
21            THE COURT:  So you'll have that.  Don't worry.
22            MR. McELFISH:  Okay.
23            THE COURT:  The last thing I wanted to say, then you
24 can go, is what we're going to do is work on the jury charge
25 and we're going to get that to you ahead of time.  Hopefully

1  you'll have it by May 3rd or the -- May 3rd so -- or the 10th
2  so we can talk about that at the final pretrial conference.  I
3  don't need to see any submissions --
4            MR. BARMEN:  Judge?
5            THE COURT:  -- from you guys on that.  What?
6            MR. BARMEN:  Judge, this is Barmen.  Would it make
7  sense to ensure we're done by the 21st to pick a jury on June
8  7th?
9            THE COURT:  The jury selection days are the 29th and
10 the 13th.  I don't like to call in jurors specially.  So --
11           MR. BARMEN:  Okay.  I was just throwing it out
12 there.
13           THE COURT:  We're going to take -- we're going to
14 pick a jury quickly.  I mean I don't think it took that long
15 the first time, if memory serves.
16           MR. BARMEN:  No, it really didn't.
17           THE COURT:  So -- and no PowerPoint, nothing like
18 that.  All talk, all paper, that's it.
19           MR. McELFISH:  Can I get voir dire this time?
20           THE COURT:  I have to think about that.  Probably
21 not, though.  All right.  Okay.  Anything else?
22           MR. BARMEN:  What's the over under on where Ray
23 asked for you to reconsider that PowerPoint ruling?
24           THE COURT:  I wouldn't make that bet either way.
25           MR. McELFISH:  Judge, thank you very much.  I got to

```
                                                                11
 1  run.  I have a jury waiting.
 2              THE COURT:  Okay.  All right.  Good luck.  Thank
 3  you.
 4              MR. McELFISH:  All right.  Thank you.
 5              THE COURT:  Bye.
 6              MR. BARMEN:  Thank you all.
 7              MR. SAAL:  Thank you, Judge.
 8  (Proceedings concluded at 10:17 a.m.)
 9                          *  *  *  *  *  *
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

12

1   I certify that the foregoing is a court transcript from
2   an electronic sound recording of the proceedings in the above-
3   entitled matter.
4
5                                    _____
6                                    Shari Riemer, CET-805
7
8   Dated:  May 30, 2019