UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------x
JOSE BAUTA,

        Plaintiff,

  -against-

GREYHOUND LINES, INC., SABRINA
ANDERSON, AKOS GUBICA, KAROLY
GUBICA, C.A.V. ENTERPISE, LLC, and
FIRSTGROUP AMERICA, INC.,

        Defendants.
------------------------------------------------------------------------------------x

**MEMORANDUM & ORDER**

14-CV-3725 (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

      Defendants Greyhound Lines, Inc. ("Greyhound") and Sabrina Anderson ("Anderson") (collectively, "Defendants") move the Court to reconsider its December 6, 2019 Order (Dkt. No. 794 ("December Order")) directing a new trial to determine punitive damages against Greyhound on a theory of vicarious liability. (Dkt. No. 797 ("Def.'s Mot. for Recons.")). In the alternative, Defendants seek certification of that issue for interlocutory appeal. (*Id.*). For the reasons discussed below, Defendants' motion is granted in part.[1]

**BACKGROUND**

      Plaintiff, Jose Bauta ("Bauta" or "Plaintiff"), is one of many passengers injured when Greyhound's bus collided with a truck in Pennsylvania resulting in a serious accident.[2] Prior to the commencement of this case, two multi-plaintiff actions arising from the same accident were consolidated in Pennsylvania state court. The trial court in Pennsylvania returned a verdict

---

[1] The parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). (Dkt. No. 33).

[2] For a more detailed recounting of the facts, *see* December Order at 1–6.

1

finding Greyhound and its driver, Anderson, liable for the accident. (Dkt. No. 671-2 at 4). In addition, the Pennsylvania jury found that both Greyhound's and Anderson's conduct separately met the requirement for an award of punitive damages. (*Id.* at 5). Following the Pennsylvania jury's verdict, Bauta filed for summary judgment on liability based on collateral estoppel in this Court. (Dkt. No. 196). The Court granted Bauta's summary judgment motion. (Order dated 3/10/2017).

Bauta chose not to accept the Pennsylvania jury's award on punitive damages but rather to try the issue before a jury in the Eastern District. The issues in this case were thus reduced to computing damages for Bauta individually. Following trial, the Eastern District jury awarded Bauta $1,698,375 in punitive damages against Anderson and $1,536,625 in punitive damages against Greyhound—both on theories of direct liability. (Dkt. No. 697).[3] After the verdict was delivered, Bauta moved the Court to amend the judgment, pursuant to Federal Rule of Civil Procedure 59(e), to expressly note Greyhound's vicarious liability for Anderson's punitive damages award. (Dkt. No. 729-1 at 41–42). The Court granted that motion and amended the judgment to reflect Greyhound's vicarious liability for the punitive damages award against Anderson. (Dkt. No. 744 ("January Order") at 49).

Following an appeal of the Pennsylvania case, the Superior Court of Pennsylvania found insufficient evidence to hold Greyhound directly liable for punitive damages. *Livingston v. Greyhound Lines, Inc.*, 208 A.3d 1122, 1131–32 (Pa. Super. Ct. 2019). Nonetheless, the appellate court affirmed the trial court's judgment because it found Greyhound was still liable for punitive damages based on a theory of vicarious liability. *Id.* at 1133. The Pennsylvania

---

[3] Under Pennsylvania law, a party may be directly liable for punitive damages based on its own conduct as well as vicariously liable for punitive damages based on certain conduct of its employees or agents. *See Shiner v. Moriarty*, 706 A.2d 1228, 1240 (Pa. Super. Ct. 1998).

2

judgment was such that it allowed an inference of vicarious liability—an inference that, as this Court found previously, could not be made about the Eastern District's judgment.[4] (December Order at 9–11). Shortly after the *Livingston* decision, Defendants filed a Motion to Vacate the punitive damages award found against Greyhound in the Eastern District. (Dkt. No. 787). Defendants argued, and this Court agreed, that the punitive damages award was based purely on Greyhound's direct liability and therefore could not stand following the *Livingston* decision. (December Order at 9). As such, this Court vacated the punitive damages award against Greyhound. (*Id.* at 12).

However, in considering Defendants' Motion to Vacate, this Court noted an error in the jury instructions—namely, that it did not instruct on vicarious liability. (*Id.* at 11–12). The Court's December Order sought to rectify that error and to comply with the Superior Court of Pennsylvania's decision by ordering a new trial on punitive damages against Greyhound based on vicarious liability. (*Id.* at 12). In response, Defendants filed this Motion for Reconsideration of that decision. (Def.'s Mot. for Recons.).

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) permits a court to revisit a non-final judgment "in the district court's equitable discretion." *S.E.C. v. Amerindo Inv. Advisors, Inc.*, No. 05 Civ. 5231 (RJS), 2014 WL 405339, at *3 (S.D.N.Y. Feb. 3, 2014); *see also* Fed. R. Civ. P. 54(b) (non-final judgments "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). The Second Circuit advises that the law of the case doctrine should guide courts contemplating reconsideration. *See Amerindo Inv. Advisors, Inc.* n.3 (collecting cases). "The major grounds justifying reconsideration [include] . . . 'the need to

---

[4] For a closer examination of the differences between the judgments, *see* December Order at 9–11.

3

correct a clear error or prevent manifest injustice.'" *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting WRIGHT, MILLER & COOPER, 18 FED. PRAC. & PROC. CIV. § 4478).

Motions for reconsideration are subject to a strict standard requiring "the moving party [to] point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSK Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Richards v. North Shore Long Island Jewish Health System*, No. 10-CV-4544 (LDW) (ETB), 2013 WL 950625, at *1 (E.D.N.Y. Mar. 12, 2013) (quoting *Hunt v. Enzo Biochem, Inc.*, No. 06 Civ. 170, at *1 (S.D.N.Y. May 7, 2007)).

## **DISCUSSION**

Defendants argue that a new trial on vicarious punitive damages is impermissible because separate awards of punitive damages based on vicarious liability are not allowed under Pennsylvania law. (Dkt. No. 797-1 ("Def.'s Mem. of Law") at 15). In addition, Defendants argue that such separate awards would violate the Due Process Clause. (*Id.* at 18–21). While the Court finds Defendants' argument with respect to Pennsylvania law unconvincing, it is clear a new trial on punitive damages is unwarranted, as detailed below.

Under Pennsylvania law, vicarious liability for punitive damages can be addressed in one of two ways. Either (1) the jury is instructed to find one amount against the employee that is vicariously imposed upon the employer or (2) the jury is instructed to find punitive damages separately against the employee on a theory of direct liability and against the employer on a theory of vicarious liability. *Compare Livingston*, 208 A.3d 1122 (upholding an award of

4

punitive damages in a single amount based on employee's direct liability that was imputed to the employer based on vicarious liability), *with Dillow v. Myers*, 916 A.2d 698 (Pa. Super. Ct. 2007) (upholding separate awards of punitive damages in the amount of $100 against the employee and $155,000 against the employer, where the employer was only vicariously liable.), *aff'g*, No. 00-2100, 2005 WL 4923687 (Pa. Com. Pl. Nov. 22, 2005), *appeal denied*, 594 Pa. 713 (Pa. 2007).[5]

In the December Order, the Court relied on a theory of vicarious liability in separate amounts to order the new trial. The Court based its analysis on a case cited in the *Livingston* decision: *Dillow v. Myers*, another Pennsylvania Superior Court decision with similar facts. 916 A.2d 698. *Dillow* affirmed a verdict for punitive damages in separate amounts: one for direct liability against the employee and one for vicarious liability against the employer. *Id.* This Court reasoned that *Dillow* would permit the Court to sever the issue of Greyhound's vicarious liability for a new trial and that such a trial was the best way to correct its failure to instruct the jury on vicarious liability. (December Order at 11).

However, after the Court amended the judgment at Plaintiff's request, *Dillow* no longer applies. (January Order at 49). As amended, the Eastern District's award contains only one amount for punitive damages against Anderson that is vicariously imputed to Greyhound. (*Id.*). Therefore, a new trial on punitive damages against Greyhound would be inconsistent with the amended judgment.

Further, it was not error to vicariously impute the punitive damages award to Greyhound as the Court did here. Because both approaches to vicarious liability are permissible under

---

[5] Greyhound disputes this interpretation of *Dillow*. (Def.'s Mem. of Law at 17). Greyhound may be correct that *Dillow* can be interpreted in different ways. However, it is not the place of this Court, sitting in diversity, to resolve any alleged ambiguity in Pennsylvania law.

Pennsylvania law, Plaintiff is not entitled to one over the other. Even if he were, Plaintiff waived any right he had to address vicarious punitive damages as a separate award.

Federal Rule of Civil Procedure 51 states that in order to preserve a claim of error on the jury instructions or verdict sheet, a party must object "on the record, stating distinctly the matter objected to and the grounds for the objection." Fed. R. Civ. P. 51(c)(1). At no time did Plaintiff argue for vicarious punitive damages to be assessed separately. Plaintiff did not himself propose a jury instruction requesting that vicarious punitive damages against Greyhound be addressed separately, (Dkt. Nos. 317, 318), nor did he object to the lack of such an instruction when the final instructions were presented to the parties. (Dkt. No. 583).

Plaintiff similarly did not raise the issue of punitive damages in separate amounts in his post-trial motion. (Dkt. No. 729-1). In fact, as noted previously, Plaintiff asked the Court to amend the judgment to expressly note Greyhound's vicarious liability for Anderson's award "consistent with the judgment in Pennsylvania case" citing "principles of collateral estoppel," (*Id*. at 41). Importantly, the Pennsylvania court addressed punitive damages in one single amount, as opposed to separate amounts. (Dkt. No. 671-2 at 6). Thus, if anything, Plaintiff requested punitive damages in a single amount. In light of the above, if Plaintiff had any right to a punitive damages award in separate amounts, he has waived it. *See Thorsen v. County of Nassau*, 722 F. Supp. 2d 277, 286–89 (E.D.N.Y. 2010).

If a party does not preserve an error in the jury instructions, "a court may consider a plain error . . . if the error affects substantial rights." Fed. R. Civ. P. 51(d)(2). Here, as noted previously, Pennsylvania law permits either approach to vicarious liability for punitive damages, so no error exists—plain or otherwise. However, error did exist elsewhere in the jury instructions—the failure to provide *any* jury instructions on vicarious liability. (December Order

at 11–12). In its haste to correct that error, the Court overlooked that it had already remedied the failure to instruct the jury on vicarious liability by granting Plaintiff's request to amend the judgment to that effect. (January Order at 49). Therefore, a new trial on punitive damages is not only unwarranted but would also be inconsistent with the amended judgment.

Given the above, the Court does not address Defendants' Due Process arguments or its argument for interlocutory appeal.

## **CONCLUSION**

While recognizing that "[r]econsideration is an 'extraordinary remedy to be employed sparingly,'" it is warranted in this case. *Richards*, 2013 WL 950625, at *1. Given the amended judgment, the order for a new trial on punitive damages is clear error justifying reconsideration. *See Virgin Atlantic Airways, Ltd.*, 956 F.2d at 1255. Moreover, reconsideration in this case is in line with the law of the case doctrine and furthers those "interests of finality and conservation of scarce judicial resources.'" *Richards,* 2013 WL 950625, at *1. Therefore, Defendants' Motion for Reconsideration is granted in part: the portion of the December Order directing a new trial on punitive damages against Greyhound is vacated.

SO ORDERED.

_____/s/_____
Ramon E. Reyes, Jr.
United States Magistrate Judge

Dated: March 13, 2020
Brooklyn, NY

7