UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------x
JOSE BAUTA,

         Plaintiff,

   -against-

GREYHOUND LINES, INC., SABRINA
ANDERSON, AKOS GUBICA, KAROLY
GUBICA, C.A.V. ENTERPISE, LLC, and
FIRSTGROUP AMERICA, INC.,

         Defendants.
-----------------------------------------------------------------------------------x

**MEMORANDUM & ORDER**

14-CV-3725 (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff Jose Bauta ("Bauta" or "Plaintiff") moves the Court to reconsider its decision to vacate the punitive damages award against Defendant Greyhound Lines, Inc. ("Greyhound"). (Dkt. No. 811). Bauta's motion is denied.[1]

## BACKGROUND

In brief, Plaintiff is one of many passengers injured when Greyhound's bus collided with a truck in Pennsylvania resulting in a serious accident.[2] At Bauta's request the Court collaterally estopped defendants from litigating liability per an adverse Pennsylvania jury verdict based on the same incident. (Order dated 3/10/2017). Subsequently, an Eastern District jury awarded Plaintiff two punitive damages awards—one against Greyhound and one against its driver, Defendant Sabrina Anderson ("Anderson"). (Dkt. No. 697).

---

[1] The parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). (Dkt. No. 33).

[2] For a more detailed recounting of the facts and procedural history, *see* Dkt. No. 794 at 1–6.

1

The Pennsylvania action on which this Court based its collateral estoppel ruling was partially reversed on appeal. *Livingston v. Greyhound Lines, Inc.*, 208 A.3d 1122 (Pa. Super. Ct. 2019). The Pennsylvania Superior Court found insufficient evidence to support direct liability for punitive damages against Greyhound for its own conduct. *Id.* at 1131–32. Nevertheless, it affirmed the trial court's judgment finding Greyhound liable for $500,000 in punitive damages because it could fairly be inferred that the Pennsylvania jury awarded the punitive damages against Greyhound based on a theory of vicarious liability. *Id.* at 1132–33. As such, this Court, at the request of Defendants, vacated the punitive damages award against Greyhound. (Dkt. No. 794 at 12).

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) permits a court to revisit a non-final judgment "in the district court's equitable discretion." *S.E.C. v. Amerindo Inv. Advisors, Inc.*, No. 05 Civ. 5231 (RJS), 2014 WL 405339, at *3 (S.D.N.Y. Feb. 3, 2014). The Second Circuit advises that when contemplating reconsideration, courts should be guided by the law of the case doctrine. *See id.* n.3 (collecting cases). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting WRIGHT, MILLER & COOPER, 18 FED. PRAC. & PROC. CIV. § 4478).

## DISCUSSION

Plaintiff argues that, just as the Superior Court of Pennsylvania did in *Livingston*, this Court can infer that the jury awarded punitive damages against Greyhound based on a theory of vicarious liability. (Dkt. No. 810 at 1). However, as this Court has previously held, that inference cannot be

2

made here.³ (Dkt. No. 794). The Eastern District's jury instructions can only be interpreted as directing a finding of punitive damages against Greyhound based on a theory of direct liability for two primary reasons.

First, the jury instructions cautioned the jury to consider only Greyhound's "outrageous conduct" when assessing punitive damages against it.⁴ (Dkt. No. 785 ("Jury Charge Tr.") at 4309–10). Outrageous conduct is one type of conduct that warrants direct liability for punitive damages. *See Hutchison v. Luddy*, 582 Pa. 114, 121 (Pa. 2005) (citing *Feld v. Merriam*, 506 Pa. 383, 395 (Pa. 1984)). In other words, the jury was never instructed on vicarious liability and could not consider Anderson's outrageous conduct in assessing punitive damages against Greyhound. Therefore, a punitive damages award based on Greyhound's outrageous conduct would necessarily be an award based on direct liability.

Second, the jury instructions repeatedly instructed the jury to consider each defendant's conduct *separately*.⁵ By instructing the jury to consider only Greyhound's conduct in awarding punitive damages against it and only Anderson's conduct in awarding punitive damages against her, it cannot be inferred that the jury's punitive damages award against Greyhound was based on anything other than direct liability for Greyhound's conduct.

Accordingly, Bauta's motion to reconsider must be denied.

---

³ For a detailed comparison of the Eastern District's and Pennsylvania's jury instructions, *see* Dkt. No. 794 at 9–11.

⁴ For example, the instructions state "[a] jury in Pennsylvania has already determined that *Greyhound's* and Sabrina Anderson's *conduct was outrageous*, and based upon the legal doctrine called collateral estoppel, the Court has applied that determination to this case." (Jury Charge Tr. at 4309) (emphasis added). Further, the jury was told that "[t]he sole purpose of punitive damages is to punish the defendant's *outrageous conduct*." (*Id.* at 4310) (emphasis added).

⁵ For example, the jury was told that "[i]t is your job to fix the amount of punitive damages *separately against each defendant*, Greyhound and Sabrina Anderson." (Jury Charge Tr. at 4309) (emphasis added). And the instructions state that "[w]hereas here, there is more than one defendant, you must decide the amount of punitive damages to be assessed and measured by your consideration of the factors I have listed as they apply to *each particular defendant*." (*Id.*) (emphasis added).

## **CONCLUSION**

Because *Livingston* found insufficient evidence to support direct liability against Greyhound, any punitive damages award based on its direct liability cannot stand. The Eastern District's punitive damages verdict against Greyhound is based on direct liability for its own conduct. As such, the punitive damages award against Greyhound was correctly vacated and Bauta's motion is denied.

SO ORDERED.

        /s/
Ramon E. Reyes, Jr.
United States Magistrate Judge

Dated: March 13, 2020
      Brooklyn, NY